**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Donald Carbonneau and Sandra Carbonneau, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>American Family Mutual Insurance Company, a foreign corporation; John Does I-X; Jane Does I-X; Black Corporations I-XX; Gray Partnerships I-XX; Blue Limited Partnerships I-XX,<br><br>　　　　Defendants. | No. 06-1853-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Compel Appraisal. Dkt. #12. The Court has reviewed the memoranda filed by the parties. Dkt. ##12, 17, 21. For the reasons stated below, the Court will grant the motion.

**I. Background.**

On October 17, 2005, the Fountain Hills home of Donald and Sandra Carbonneau ("Plaintiffs") was damaged by a wind and hail storm. *See* Dkt. #17 at 2. Plaintiffs' home was insured by American Family Mutual Insurance Company ("Defendant"). *Id*. Following the storm, Defendant assigned an adjuster to investigate Plaintiffs' claim. The adjuster determined that the home had sustained wind or water damage to the roof, chimney and interior drywall in the amount of $8,110.70. Dkt. #13. Believing that Defendant handled

1 their claim unreasonably, Plaintiffs hired a public adjuster, who estimated repairs totaling
2 $25,429.13. *Id*. Plaintiffs then demanded appraisal pursuant to the appraisal clause of their
3 insurance contract. Dkt. #13; Dkt. #17, Ex. 4. Defendant refused to go into the appraisal
4 process, and on June 23, 2006, Plaintiffs filed suit in Maricopa County Superior Court,
5 alleging bad faith and breach of contract. Dkt. #1, Ex. 1. On July 26, 2006, Defendant
6 removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7 **II.  Discussion.**

8      In Arizona, appraisals are analogous to arbitrations and are governed by arbitration
9 principles. *See Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369 (Ariz. App. 1994).
10 The primary purpose of arbitration is to "obtain an inexpensive and speedy final disposition
11 of the matter involved." *Gates v. Arizona Brewing Co.*, 95 P.2d 49, 50 (1939). A court is
12 "very limited in its power to refuse a motion to compel arbitration." *See Ori v. American*
13 *Family Mutual Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044, at *2 (D. Ariz.
14 Nov. 15, 2005) (referring to arbitration principles when ordering appraisal). Moreover, when
15 considering whether or not to compel arbitration, any doubts concerning the scope of
16 arbitrable issues are to be resolved in favor or arbitration. *Id*. at *4.

17      Here, doubt exists as to one key issue – whether the disparity in repair estimates
18 between Plaintiffs and Defendant arises from a dispute over the amount of damage resulting
19 from the storm or a dispute in the scope of coverage under the insurance policy. This
20 distinction is important, because in Arizona appraisers only determine the amount of damage
21 and do not resolve questions of coverage. *Hanson v. Commercial Union Ins. Co.*, 723 P.2d
22 101, 104 (Ariz. App. 1986).

23      Defendant contends that fixing the storm damage does not require replacement of the
24 entire roof. It submits a roof inspector's report asserting that many of the broken tiles and
25 other problems with the roof constitute ordinary wear and tear that is excluded from
26 coverage. Dkt. #17 at 2-3.

27      Plaintiffs reply that the estimate of damages includes only that which is necessary to
28 repair storm damage to their house and does not exceed the scope of coverage. Dkt. #21 at

- 2 -

1. 2. In support, they provide the affidavit of their adjuster, who states that the parties previously agreed to the scope of coverage, but disagreed only about the amount of damages. Dkt. #13. The primary difference between the two estimates is that Defendant's estimate does not include general demolition costs, replacement of the entire roof, overhead costs, profit, and sales tax. Dkt. #13. If these added costs relate to the replacement of roof tiles damaged through ordinary wear and tear, then appraisal should be denied because it would be clear that Plaintiffs' adjuster was considering items outside the scope of the appraisal agreement.

A recent case from the District of Arizona is instructive. *See Ori*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044. There, the plaintiff demanded appraisal under a clause that is identical to the appraisal clause in this case. *Id.* at *1. The parties arrived at different estimates for the repairs, and the defendant argued that the plaintiff sought relief related to coverage that was outside the scope of the appraisal clause. *Id.* The court noted that the difference in estimates stemmed "from the parties' disagreement about the repairs necessary to restore the home to its pre-fire state" and concluded that this "good faith dispute over the cost of necessary repairs is a dispute over the 'amount of loss' and is subject to appraisal." *Id.* at *4.

This case is similar to *Ori*. Both parties agree that Defendant must repair storm damage. The dispute is over what repairs are necessary to repair such damage. Plaintiffs claim the dispute concerns the amount of damages while Defendant argues the dispute is about coverage. The record does not allow the Court to determine with finality how to classify the dispute. Resolving doubt in favor of appraisal, however, the Court will grant Plaintiffs' motion.

Were such doubts not resolved in favor of appraisal, insurance companies could avoid appraisal obligations merely by claiming that the dispute concerned coverage. The appraisal system, with one appraiser appointed by each side and an umpire to resolve differences, will determine the amount necessary to repair covered damages.

**IT IS ORDERED:**

1. Plaintiffs' Motion to Compel Appraisal (Dkt. #12) is **granted**. Using the date of this order as the trigger date, the parties shall comply in full with the relevant appraisal clause.

2. All other terms of the Court's Case Management Order (Dkt. #16) shall remain in effect.

DATED this 9th day of November, 2006.

_____
David G. Campbell
United States District Judge